J-S10020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP FOXX | : | |
| | : | |
| Appellant | : | No. 1448 WDA 2022 |

Appeal from the PCRA Order Entered November 7, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013472-1993

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP FOXX | : | |
| | : | |
| Appellant | : | No. 1449 WDA 2022 |

Appeal from the PCRA Order Entered November 7, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011573-1993

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                     **FILED:  August 20, 2024**

Appellant, Phillip Foxx, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On

June 28, 1994, a jury convicted Appellant, who was a juvenile at the time he committed the crimes at issue, of second-degree murder, robbery, aggravated assault, recklessly endangering another person, criminal conspiracy, and carrying a firearm without a license.[1]

On July 25, 1994, the court sentenced Appellant to life without parole for the murder conviction and a consecutive aggregate term of 25 to 50 years' incarceration for the remaining offenses. This Court affirmed Appellant's judgment of sentence on April 24, 1996, and our Supreme Court denied allowance of appeal on November 15, 1996. *See Commonwealth v. Foxx*, 679 A.2d 251 (Pa.Super. 1996) (unpublished memorandum), *appeal denied*, 546 Pa. 677, 686 A.2d 1309 (1996).

Between 1999 and 2014, Appellant unsuccessfully litigated several PCRA petitions. Relevant to the instant appeal, Appellant subsequently filed a PCRA petition invoking *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012), in which the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme mandating life in prison without the possibility of parole for juvenile homicide offenders. Thereafter, the PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. In the amended petition, Appellant alleged that his sentence of life imprisonment without the possibility of parole was

---

[1] The Commonwealth charged Appellant at two separate dockets in connection with these crimes.

unconstitutional under **Miller, supra**, and **Montgomery v. Louisiana**, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding that **Miller** applies retroactively on state collateral review). In response, the Commonwealth conceded that resentencing was necessary pursuant to **Commonwealth v. Batts**, 640 Pa. 401, 163 A.3d 410 (2017) (setting forth procedural requirements for sentencing juvenile homicide defendants following decisions in **Miller** and **Montgomery**).

Ultimately, the court granted PCRA relief and scheduled a resentencing hearing. On July 25, 2017, the court resentenced Appellant to 30 years to life imprisonment for second-degree murder, plus a consecutive aggregate term of 5 to 10 years' incarceration for his other crimes. This Court affirmed Appellant's new judgment of sentence on October 4, 2019, and our Supreme Court denied allowance of appeal on March 24, 2020. **See Commonwealth v. Foxx**, 222 A.3d 809 (Pa.Super. 2019) (unpublished memorandum),[2] *appeal denied*, 658 Pa. 224, 227 A.2d 1269 (2020).

On June 29, 2020, Appellant filed the current *pro se* PCRA petition, challenging the legality of his new sentence as well as trial counsel's ineffectiveness for failing to object to the trial court's jury instructions. The court appointed counsel, who filed an amended petition on February 3, 2022, contending that appellate counsel had provided ineffective assistance for

---

[2] On appeal, Appellant challenged the discretionary aspects of his resentencing. **See id.**

- 3 -

failing to argue that Appellant had received an illegal *de facto* life sentence on direct appeal following resentencing, where the resentencing court did not determine beyond a reasonable doubt that Appellant was incorrigible, irreparably corrupt, or irretrievably depraved.

On September 26, 2022, the PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. On November 7, 2022, the court formally denied PCRA relief. On November 22, 2022, Appellant timely filed separate notices of appeal listing both underlying docket numbers in each appeal. On December 22, 2022, this Court directed counsel to file amended notices of appeal listing only one docket number at each notice of appeal. Counsel complied with this order. Thereafter, this Court consolidated the appeals *sua sponte*.

On May 23, 2023, appellate counsel filed a "no-merit" brief and application to withdraw. On June 2, 2023, this Court remanded for a ***Grazier***[3] hearing. On August 7, 2023, following a ***Grazier*** hearing, the PCRA court permitted counsel to withdraw and Appellant to proceed *pro se*.

Appellant raises the following issues for our review:

> Whether PCRA counsel was ineffective for failing to raise that appellate counsel … was ineffective for not raising that Appellant's sentence is illegal with respect to the counts of aggravated assault, robbery and conspiracy to commit aggravated assault and conspiracy to commit robbery and Appellant cannot be punished twice….

---

[3] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

> Whether trial counsel was ineffective for failing to object to the trial court's 73 pages of very confusing and ambiguous jury instructions and incorrect definition of second-degree murder, thus, violating Appellant's Sixth Amendment right to counsel and right to a fair trial under the Fourteenth Amendment.

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

In his first issue, Appellant argues that PCRA counsel was ineffective for failing to challenge appellate counsel's performance concerning litigation of Appellant's sentencing claims in his direct appeal following resentencing. Appellant's argument is somewhat difficult to parse, but he asserts that his sentence is illegal for several reasons. First, he contends that he received a "mandatory" sentence for more than one inchoate crime. (Appellant's Brief at 8-9). Second, Appellant argues that, pursuant to 18 Pa.C.S.A. § 906,[4] he

---

[4] **See** 18 Pa.C.S.A. § 906 (stating a person may not be convicted of more than one of inchoate crimes of criminal attempt, criminal solicitation or criminal

*(Footnote Continued Next Page)*

cannot be sentenced for multiple inchoate crimes that culminate in the commission of the same crime. (*See id.* at 10). Third, Appellant claims that his sentence for second degree murder is illegal because he was "guilty of only conspiring to rob [one of the victims.]"[5] (*See id.* at 12). Appellant concludes that PCRA counsel was ineffective for failing to raise appellate counsel's ineffectiveness on these grounds, and this Court must grant relief. We disagree.[6]

Preliminarily, we observe that "a successful…PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa.Super. 2008). *See also Commonwealth v. Lesko*, 609 Pa.

---

conspiracy for conduct designed to commit or to culminate in commission of same crime).

[5] Appellant attempts, in this claim, to attack the trial court's jury instructions, contending that "the trial court never once mentioned that Appellant could be guilty of causing the victim's death in furtherance of the felony in its jury instructions." (Appellant's Brief at 12). We discuss Appellant's challenge to the jury instructions in connection with Appellant's second issue on appeal.

[6] Appellant raises this claim of PCRA counsel's ineffectiveness for the first time on appeal. Nevertheless, this is Appellant's first opportunity to raise this claim following the court's order permitting PCRA counsel to withdraw and Appellant to proceed *pro se*. Thus, we may review this claim. *See Commonwealth v. Bradley*, ___ Pa. ___, 261 A.3d 381 (2021) (holding that PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at first opportunity to do so, even if on appeal).

- 6 -

128, 15 A.3d 345 (2011) (explaining that when defendant is granted new sentencing hearing, defendant's original judgment of sentence is final for PCRA timeliness purposes **except for matters relating to resentencing**).

Here, the court resentenced Appellant on July 25, 2017. This Court affirmed Appellant's judgment of sentence on October 4, 2019, and our Supreme Court denied allowance of appeal on March 24, 2020. Thus, Appellant's new judgment of sentence became final 90 days later, on June 22, 2020, after expiration of the time Appellant had to file a petition for writ of *certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (providing 90 days to file petition for writ of *certiorari*); 42 Pa.C.S.A. § 9545(b)(3) (stating judgment becomes final at conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking review). Thus, Appellant had until June 22, 2021 to file a timely PCRA petition from his new judgment of sentence. **See** 42 Pa.C.S.A. § 9545(b)(1) (stating any PCRA petition shall be filed within one year of date judgment of sentence becomes final). As Appellant filed the current PCRA petition on June 29, 2020, it is timely insofar as it raises issues concerning and arising from his new judgment of sentence. **See Lesko, supra**. **See also Commonwealth v. Walker**, No. 110 WDA 2022 (Pa.Super. filed Nov. 29, 2022) (unpublished memorandum),[7]

---

[7] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

*appeal denied*, \_\_\_ Pa. \_\_\_, 300 A.3d 320 (2023) (explaining that current PCRA petition was timely with respect to issues related to resentencing hearing).

Pennsylvania law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…" ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004). Only once this threshold is met do we apply the reasonable basis test to determine if counsel's course was designed to effectuate his client's interest. ***Pierce, supra***. Further, "[i]n determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was

ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa.Super. 2010).

Instantly, Appellant's claims of an illegal sentence are not supported by the record. First, Appellant did not receive a mandatory sentence for any inchoate crimes. (***See*** Sentencing Order, 7/25/17; N.T. Resentencing Hearing, 7/25/17, at 13-14). The only inchoate crime that Appellant was convicted of was criminal conspiracy, for which he was sentenced to five to ten years' imprisonment. Second, Appellant did not receive a sentence for more than one inchoate crime, as he was only sentenced for a single criminal conspiracy conviction. (***See id.***) Finally, Appellant's argument regarding second-degree murder is spurious: by the statutory definition, a defendant commits second-degree murder when engaged as a principal or accomplice in the perpetration of a felony. ***See*** 18 Pa.C.S.A. § 2502(b). Appellant is guilty of second-degree murder because the victim died during perpetration of the felony robbery. Thus, Appellant's claims of an illegal sentence lack arguable merit, and appellate counsel was not ineffective for failing to raise these claims on direct appeal following resentencing. ***See Poplawski, supra***. Consequently, Appellant's layered claim of PCRA counsel's ineffectiveness

necessarily fails.[8]  **_See Burkett, supra_**.

In Appellant's second issue on appeal, he contends that trial counsel provided ineffective assistance for failing to object to and challenge the trial court's definition of second-degree murder in its jury instruction.  Appellant further argues that the trial court used a "defective" reasonable doubt instruction, which Appellant contends lowered the Commonwealth's burden of proof.  (Appellant's Brief at 14-15).  Appellant concludes trial counsel was ineffective for failing to object to the jury instructions on these grounds, and this Court must grant relief.  We disagree.

Instantly, unlike Appellant's claims concerning and arising from his resentencing, Appellant's allegations of trial counsel's ineffectiveness arise from his original judgment of sentence.  Originally, the court sentenced Appellant on July 25, 1994, this Court affirmed that sentence on April 24, 1996, and our Supreme Court denied allowance of appeal on November 15, 1996.  Thus, Appellant's original judgment of sentence became final in 1997, and Appellant's current PCRA petition is patently untimely as it relates to any allegation of trial court error or trial counsel's ineffectiveness.  **_See_**

---

[8] We further note that had Appellant's sentence in fact been illegal, this Court could have addressed that issue _sua sponte_ on direct appeal following resentencing.  Likewise, we could address an illegal sentencing issue in this appeal _sua sponte_.  **_See Commonwealth v. Miller_**, 102 A.3d 988 (Pa.Super. 2014) (explaining general rule that this Court is endowed with ability to consider issue of illegality of sentence _sua sponte_, so long as this Court has jurisdiction to engage in such review).

***McKeever, supra***; ***Walker, supra*** (holding that appellant's PCRA petition, insofar as it raises trial issues unrelated to his resentencing is patently untimely). Appellant has not alleged any exception to the PCRA time-bar. 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (delineating narrow exceptions to PCRA's jurisdictional time requirements). Thus, Appellant's second issue on appeal is time-barred.[9] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/20/2024

---

[9] Further, Appellant's second issue on appeal would be waived as Appellant could have challenged trial counsel's ineffectiveness in earlier PCRA petitions. ***See*** 42 Pa.C.S.A. § 9543(a)(3) (stating to be eligible for PCRA relief, petitioner must plead and prove that allegation of error has not been waived); 42 Pa.C.S.A. § 9544(b) (stating issue is waived for purposes of this subchapter if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in prior state postconviction proceeding).